**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

v.                     **CASE NO. 2:15CV00089 BSM**

**LONNIE W. REYNOLDS AND
SUSAN A. REYNOLDS, HUSBAND AND WIFE**             **DEFENDANTS**

**JUDGMENT**

On May 11, 2016, the United States' motion for summary judgment was granted. *See* Doc. No. 9.

IT IS THEREFORE ORDERED THAT:

1. Jurisdiction is proper over the parties and over the property which is the subject of this cause of action.

2. The defendant Lonnie W. Reynolds, to obtain loans from the U.S. Department of Agriculture, Farm Service Agency, executed and delivered to plaintiff a promissory dated March 18, 1999 in the principal sum of One-Hundred Twenty-One Thousand Two Hundred Sixty and 00/100 ($121, 260.00) Dollars, amortized at Three and 75/100 (3.75%) per cent over Twenty years, with annual installments in the amount of Eight Thousand Seven Hundred Twenty Seven 00/100 ($8,727.00) Dollars beginning on March 1, 2000, and each March 1st thereafter, until paid in full.

3. To secure the indebtedness set forth above, Lonnie W. Reynolds and Susan A. Reynolds, his wife, executed and acknowledged in the manner required under Arkansas law

and delivered to the United States of America, acting by and through the Farm Service Agency, a Real Estate Mortgage for Arkansas dated March 18, 1999, which was filed of record in the Office of the Circuit Clerk of Lee County, Arkansas on March 18, 1999 in Book 352, at Page 786. By execution of said Mortgage, Lonnie W. Reynolds and Susan A. Reynolds conveyed a first mortgage lien in the real property described therein and situated in Lee County, Arkansas and more particularly described as follows:

> One (1) acre in the Southeast Corner of the South Thirty (30) acres of the Southwest Quarter (SW¼) of the Southeast Quarter (SE¼) of Section Seven (7), Township One (1) North, Range Three (3) East more particularly described as follows: Begin at the Southeast corner of the said Thirty (30) acre tract, run thence North in the East line thereof 300 feet to a stake; run thence West parallel to the South line thereof 145 feet to a stake; run thence South parallel to the East line of the said Southwest Quarter (SW¼) of the Southeast Quarter (SE ¼) 300 feet, more or less, to a stake in the South line of said Southwest Quarter (SW¼) of the Southeast Quarter (SE¼); run thence East in the South line 145 feet, more or less, to the point of beginning.

4.     The payments due on the promissory note of Lonnie W. Reynolds are in default. There is due and owing to the United States of America, U.S. Department of Agriculture, Farm Service Agency, unpaid principal in the sum of $78,787.34, plus interest accrued through February 12, 2016 in the sum of $28,826.19, with interest accruing thereafter at the rate of $8.0946 per day. Judgment *in rem* against the above-described real property is hereby awarded to the United States of America, acting by and through the U.S. Department of Agriculture, Farm Service Agency, in the amount of $107,613.53, with interest at the rate of $8.0946 per day to the date of the entry of this judgment, and interest on the judgment at the rate provided in 28 U.S.C. § 1961, until fully paid.

5.      If the above-described indebtedness due to the United States Department of Agriculture, Farm Service Agency, is not paid within ten days from the date of entry of this judgment, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the East door of the Lee County Courthouse, Marianna, Arkansas.  The date and time of the sale shall be fixed by the Marshal.  If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option:  Furnish a corporate security bond, or furnish a letter of credit from a financial institution, or post a 10%  down payment by certified check or money order.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal.  The 10% down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property.  In the event of a down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes.  If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and this credit shall be an extinguishment of the debt to the extent of the credit.  The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the court.

6. Upon the sale of the above described real property, all right, title, claim, interest, estate, equity, and statutory right of redemption, and all rights of homestead, curtesy and dower, of the defendants, Lonnie W. Reynolds and Susan A. Reynolds, in and to the property and every part thereof shall from that date be foreclosed and forever barred.

7. The purchaser at said sale shall be given possession upon demand and the clerk of this court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of the property.

8. The sale proceeds, after expenses of sale, shall be paid and distributed to the U.S. Department of Agriculture, Farm Service Agency, to the extent of the indebtedness owed to it secured by its mortgage described above. Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the court.

9. Jurisdiction of this cause will be retained for the making of such further orders as may be necessary to effectuate this Judgment.

IT IS SO ORDERED this 31st day of May 2016.

_____
UNITED STATES DISTRICT JUDGE